**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JUAN LUIS PEREZ CARVAJAL, CRISTINA MARTINEZ INIGUEZ, LUIS PEREZ MARTINEZ, JUAN LUIS PEREZ MARTINEZ, and LUIS SANTIAGO PEREZ MARTINEZ,

Petitioners,

Case No. 2:26-cv-03416-MIS-GJF

v.

WARDEN, in his capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioners Juan Luis Perez Carvajal's, Cristina Martinez Iniguez's, Luis Perez Martinez's, Juan Luis Perez Martinez's, and Luis Santiago Perez Martinez's Petitions for Writs of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petitions"), ECF

Nos. 1 & 8-11[1], filed October 13, 2026. Also Pending are Respondents' Motion to Dismiss, ECF No. 12, and Respondents' Supplemental Motion to Dismiss, ECF No. 18.

Briefly, Petitioners were detained on or about August 6, 2026, and were previously detained at the Otero County Processing Center. Pet. at 1. Though the Petitions are sparse, Petitioners alleged generally that their detentions were illegal. See generally Pet. On October 19, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioners habeas relief. ECF No. 7. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On November 2, 2026, Respondents filed the Motion to Dismiss, asserting that an Immigration Judge had provided a bond hearing to the Petitioners on or about August 20, 2026. ECF No. 12. However, the Executive Office for Immigration Review's automated case information indicated that on October 30, 2026, an Immigration Judge granted Petitioners' motion to withdraw their appeal of a removal order, making the removal order administratively final. EOIR Automated Case Information.

As a result, the Court ordered Respondents to supplement their Motion. ECF No. 14. On November 17, 2026, Respondents filed the Supplemental Motion to Dismiss. ECF No. 18. In addition, Petitioner Juan Luis Perez Carvajal filed a "Notice" that the Court received on or about November 12, 2026. ECF No. 16. In the Notice, Petitioner Perez Carvajal acknowledges that he withdrew the appeal, but then asserts he attempted to "cancel" the withdrawal. ECF No. 16.

[1] The Petitioners are a family of five who were in immigration detention at the Otero County Processing Center in Chaparral, New Mexico. On October 16, 2026, the Court granted Juan Luis Perez Carvajal's Motion to Consolidate, transferring the other family members' cases to this case. See ECF No. 6.

Petitioner Perez Carvajal also indicates that his family, the other four Petitioners, were removed to Mexico on or about November 5, 2026. Id. In the Supplemental Motion, Respondents provide the Board of Immigration Appeals' Order granting the Petitioners' withdrawal of their appeal of the removal order. BIA Order, ECF No. 18-1. In addition, Respondents corroborate Petitioner Perez Carvajal's assertion that his family members were removed to Mexico on November 5, 2026, and further assert that Petitioner Perez Carvajal was then removed on November 10, 2026. ECF No. 18 at 1. Respondents request the Court therefore dismiss the Petitions for lack of subject matter jurisdiction. Id. at 1-2. On November 24, 2026, Respondents filed a Response to the Court's Order to Show Cause providing evidence that Petitioners have been removed from the United States. ECF No. 21.

Having been removed from the United States, Petitioners are no longer in custody, and the Court dismisses his Petition as moot. See Munaf v. Geren, 553 U.S. 674, 685 (2008) (citing 28 U.S.C. §§ 2241(c)(1), (3)) ("The habeas statute provides that a federal district court may entertain a habeas application by a person held 'in custody under or by color of the authority of the United States,' or 'in custody in violation of the Constitution or laws or treaties of the United States.'").

Accordingly, it is **HEREBY ORDERED** that Respondents' Supplemental Motion to Dismiss, ECF No. 18, is **GRANTED**, Respondents' Motion to Dismiss, ECF No. 12, is **DENIED** as moot, and Petitioners Juan Luis Perez Carvajal's, Cristina Martinez Iniguez's, Luis Perez Martinez's, Juan Luis Perez Martinez's, and Luis Santiago Perez Martinez's Petitions for Writs of Habeas Corpus, ECF Nos. 1, 8-11, are **DISMISSED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE